LLEWELLYN GODING

*vs.*

BANGOR & AROOSTOOK RAILROAD COMPANY.

Aroostook.    Opinion January 29, 1901.

*Railroad Crossing. Equity. Law.*

Before a court in equity should grant a decree of specific performance of an alleged contract and compel a railroad company to build and maintain a grade crossing over its track, except in cases where public convenience may require it, or perhaps where there might be very great individual inconvenience if it were not ordered, the court should be satisfied that the danger to public travel will not thereby be substantially increased, or that the additional burden placed upon the railroad company would not be greatly disproportionate to the benefit that would be derived by the individual.

A grade crossing over a railroad track is a place of recognized danger, and every additional crossing necessarily increases to some extent, that danger. Although the time has not yet arrived when such crossings can be altogether dispensed with, they should not be unnecessarily increased for the mere inconvenience of an individual. And the court should not compel the maintenance of such a crossing, unless good and sufficient reasons exist therefor.

It is considered by the court, that the situation in this case is such that, if a decree were granted, the benefit that would be derived by the plaintiff would be slight in comparison with the additional burden placed upon the railroad company, and that the danger to travel upon the railroad would be considerably increased if the construction and maintenance of this crossing were ordered.

If the plaintiff is right in his contention as to the existence of the contract relied upon, he may recover adequate pecuniary compensation for all damages

that he has sustained by reason of the failure of the company to perform such contract.

ON REPORT.

Bill in equity, praying for specific performance, heard on bill, answer and proofs.

From the allegations in the plaintiff's bill it appears that on the 10th of December, 1895, he executed and delivered to the defendant company in consideration of one hundred and fifty dollars, a warranty deed of a strip of land in Masardis containing two and one-half acres for a right of way; that the defendant company agreed to construct and maintain a farm crossing on this strip of land. He also alleged in his bill that prior to the delivery of this deed, and at the date of its delivery also, the person to whom he delivered the deed and from whom he received the money consideration therein named as agent of the company, agreed that the company would construct such farm crossing, and that relying upon such agreement he delivered the deed of the right of way, and he prayed the court to decree that this alleged oral contract be specifically performed. The answer denied the contract to construct the farm crossing.

*S. S. Thornton and Ira G. Hersey,* for plaintiff.

Specific performance: *Pickering* v. *Pickering,* 38 N. H. 400; *C. B. & Q. R. R. Co.* v. *Reno,* 113 Ill. 39; *Crane* v. *Decamp,* 21 N. J. E. 414; *McClure* v. *Otrich,* 118 Ill. 320; *Plummer* v. *Keppler,* 11 C. E. Green, (N. J.) N. S. 481.

Like contracts have been specifically enforced. (1.) To construct approaches to a railroad track. *Wilson* v. *Furness R. R. Co.,* L. R. 9. Eq. cases. (2.) To locate a depot at a certain place. *Telford* v. *C. P. & M. R. R. Co.,* 172 Ill. 559; *Hall* v. *P. & E. Ry. Co.,* 143 Ill. 163; *C. B. & Q. R. R. Co.* v. *Boyd,* 118 Ill. 73; *C. & E. I. R. R. Co.* v. *Hay,* 119 Ill. 493. (3.) To construct a railroad-siding. *Lylton* v. *Gt. Northern R. R.* 2 K. & T. 394; *Greene* v. *West Cheshire Ry. Co.,* L. R. 13 Eq. 44; *W. C. Mfg. Co.* v. *H. P. & F. R. R. Co.,* 23 Conn. 373. (4.) To build a railroad crossing. *Post* v. *W. S. R. R. Co.,* 123 N. Y. 580; *Jones* v. *Seligman,* 81 N. Y. 191.

*F. H. Appleton and H. R. Chaplin,* for defendant.

The contract should be established by evidence that is clear and convincing. *Goodwin* v. *Smith,* 89 Maine, 506. Full, definite and conclusive. *Bennett* v. *Dyer,* 89 Maine, 517. So plain as to preclude doubt or hesitation in reaching a conclusion. *Woodbury* v. *Gardner,* 77 Maine, 71.

If a contract itself is inequitable, or if its enforcement would be oppressive, or if it would impose a burden upon the defendant entirely disproportionate to any advantage the plaintiff might derive therefrom, or in cases where the public interests would be prejudiced thereby, specific performance will not be decreed. *Conger* v. *N. Y. W. S. & B. R. R. Co.,* 23 N. E. Rep. 983. So that it necessarily follows that a less strong case is sufficient to defeat a suit for a specific performance than is requisite to obtain the remedy. 3 Pomroy Eq. Jur. § 1405, note 1.

Counsel also cited: *Murtfeldt* v. *N. Y. W. S. & B. R. R. Co.,* 7 N. E. Rep. 404; *Richmond* v. *Dubuque etc. R. R. Co.,* 33 Iowa, 422; *Clark* v. *Rochester etc. R. R. Co.,* 18 Barb. 350; *Chicago & A. R. R. Co.* v. *Schoeneman,* 90 Ill. 258; *Cincinnati, etc., R. Co.* v. *Washburn,* 25 Ind. 259; *Columbus, etc., R. Co.* v. *Watson,* 26 Ind. 50.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, JJ. POWERS, J., did not sit, having been of counsel for defendant.

WISWELL, C. J. The defendant's railroad extends through the plaintiff's farm. The right of way therefor was obtained by a deed from the plaintiff to the railroad company, for a consideration named therein of one hundred and fifty dollars. But the plaintiff claims that there was an additional consideration; that the defendant's agent who procured the conveyance of the right of way and who agreed with the plaintiff in relation to the terms for such conveyance, promised in behalf of the company, as a further consideration therefor, that the railroad company should build and maintain a farm crossing on the plaintiff's farm across the railroad track.

In this bill in equity, the plaintiff seeks a decree for a specific performance of this alleged contract. The case comes to the law court upon report.

The plaintiff's contention is denied by the defendant and there consequently arises an issue of fact about which there is considerable controversy between the parties. But we do not deem it necessary to determine this question. Assuming, without deciding, that the alleged agreement was made as part of the consideration for the conveyance, we do not think that specific performance should be decreed.

The granting of a decree for specific performance is always discretionary with the court. The contract relied upon in any case may be proved in the most satisfactory manner, and still there may be reasons why the court, in the exercise of its discretion, should not compel the specific performance of that contract. We think that such reasons exist in this case, and that before a court should compel a railroad company to build and maintain a grade crossing over its track, except in cases where public convenience may require it, or perhaps where there might be very great individual inconvenience if it were not ordered, the court should be satisfied that the danger to public travel will not thereby be much increased, or that the additional burden placed upon the railroad company would not be greatly disproportionate to the benefit that would be derived by the individual.

Very much is required of railroads to meet the demands of the public for the rapid transportation of passengers and freight, to comply with which the utmost diligence must be exercised and everything that affords unnecessary opportunities for danger must be done away with. A grade crossing over a railroad track is a place of recognized danger, and every additional crossing necessarily increases, to some extent, that danger. The time has not yet arrived when such crossings can be dispensed with altogether, at least in sparsely settled communities, but they should not be unnecessarily increased for the mere convenience of an individual. At least, we think, the court should not compel the maintenance of such a crossing unless good and sufficient reasons exist therefor.

VOL. XCIV.   35

In this case, in the opinion of the court, the benefit that would be derived by the plaintiff, if a decree were granted, would be slight in comparison with the additional burden placed upon the railroad company, and the danger to travel upon the railroad would be considerably increased. It appears that just north of the place of the proposed crossing there is a cut for a distance of eight hundred and seventy feet, through which the railroad track runs on a curve, so that a train coming south would enter this cut near the northerly limit of the plaintiff's land and continue on a curve all the way through this cut until it reached the place of the proposed farm crossing, which, because of the curve and cut, would be shut out from the view of the approaching train. It is argued, and it seems to us with much force, that upon this account the proposed crossing would be much more dangerous than under other conditions. South of the place of the proposed crossing, and only two hundred and thirty feet distant therefrom, there is already a highway crossing over the track, so that if this crossing were ordered, there would be two grade crossings within a distance of two hundred and thirty feet. And by reason of this highway crossing over the railroad track, the plaintiff can, with slight inconvenience, use that crossing for his purpose.

For these reasons we do not think that the relief asked for should be granted. We are, perhaps, more ready to come to this conclusion because of the fact that the plaintiff is not without ample remedy. If he is right in his contention, he may recover adequate pecuniary compensation for any and all damages that he has sustained by reason of the failure of the company to perform the contract made by its authorized agent in this respect.

As we have come to this conclusion, for the reasons above stated, and not because of a decision adverse to the plaintiff upon the issue of fact, the bill should be dismissed without costs.

*So Ordered.*